

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 JUN 25 PM 3:41

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN MARTINEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | 2:14-CV-0152 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO GRANT RESPONDENT'S MOTION TO DISMISS and
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARTIN MARTINEZ. By this habeas application, petitioner challenges his June 10, 2008 convictions out of the 222nd Judicial District Court of Deaf Smith County, Texas, for the offenses of aggravated sexual assault (three counts), indecency with a child, and indecency with a child by exposure (two counts), involving two (2) victims, and the 50-year, 20-year and 10-year concurrent sentences assessed for these offenses, respectively. *State v. Martinez*, Nos. CR-07K-180, CR-07K-181.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United

States for the following reasons:

1. Petitioner was denied effective assistance of counsel; and

2. The trial court's imposition of a 50-year sentence was a denial of due process and constituted cruel and unusual punishment.

## II.
## TIME BAR

In his habeas application and supporting memorandum, petitioner asserts the one-year limitation period under 28 U.S.C. § 2244(d)(1) for filing a federal habeas petition did not begin until some unspecified date prior to the date he signed his state habeas application on April 15, 2013.[1] Petitioner contends the limitations period began on the date "he discovered and obtained" a copy of a March 9, 2004 document from the school of <u>one</u> of the victims of his crimes entitled "504 Committee Deliberations." This document reflected this particular victim, several years before petitioner's June 2008 trial but just prior to the date the sexual abuse of which he was convicted began, was granted certain accommodations at her intermediate school for a disability but she (the victim) continued "to struggle with retaining information in all areas" while in school. The document noted this victim was passing with the accommodation modifications, but also stated the victim continued to underperform on her core subject standardized tests even with testing accommodations. The document also referenced this victim's grandmother had noticed the victim "struggles at home as well," required several explanations for her to understand, and would forget from one day to the next. New accommodation plans were generated by the school for implementation with this victim. A document submitted by trial counsel during the underlying

---

[1] Utilizing subsection (D) of the statute as the starting point of the limitation period, to wit: "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

state habeas proceedings, however, reflected this same victim received A and B grades during the 2002-2003 school year, as well as citizenship and school pride awards.

Petitioner alternatively contends that if the limitation period began on the date his conviction became final, the limitation period should be equitably tolled until he obtained the school record discussed above. Lastly, petitioner argues a "miscarriage of justice exception" and asserts he is actually innocent of the offenses for which he was convicted and that this should operate to allow the Court to consider any of his claims which may be time barred.

On October 9, 2014, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. Respondent has set out the statutory and case law regarding the statute of limitations in federal habeas corpus cases, the use of an actual innocence claim to serve as a gateway to allow consideration of otherwise time-barred claims, and equitable tolling of the limitation period. Respondent also fully and accurately set forth the relevant dates in this case, and analyzed the basis of petitioner's actual innocence claim/miscarriage of justice exception. Based on the briefing and persuasive argument by respondent, the undersigned is of the opinion the petition should be dismissed as time barred. The undersigned makes the following findings:

1. Petitioner does not assert the provisions of 28 U.S.C. § 2244(d)(1)(B) and (C) apply in this case, and the Court finds such sections do not apply to petitioner's claims.

2. Factual predicate discovery date: Title 28 U.S.C. § 2244(d)(1)(D) is not applicable to petitioner's claims because petitioner, through the exercise of due diligence, could have discovered his claims of ineffective assistance and unlawful sentencing at the time of his conviction.

3. Factual predicate discovery date and actual innocence claim: The undersigned does not find petitioner's purported actual innocence claim would in any way invoke the "factual predicate discovery date" provisions of section 2244(d)(1)(D). That section governs one circumstance under which the limitation period begins for challenging a conviction and/or sentence on

constitutional grounds. An actual innocence claim is not an independent ground or claim which can be raised in a challenge to a conviction or sentence. Instead, such a claim merely serves as a "gateway" to allow consideration of otherwise barred claims.

4. <u>Due diligence</u>: Even if limitations did run from the date on which the "factual predicate" of an actual innocence "gateway" claim is discovered, petitioner could have discovered the basis of his actual innocence claim at the time of his conviction. Due diligence in obtaining knowledge of the factual predicate of a claim triggers the limitation period, not the gathering of the evidence in support of that claim. Petitioner does not contradict respondent's assertion that the nature of petitioner's relationship with the victims would have put petitioner on notice of any apparent alleged mental deficiencies of the one victim. In that regard, it is also noted petitioner asserts actual innocence based on the school record of only one of the victims, not both.

5. <u>Date judgment became final</u>: Title 28 U.S.C. § 2244(d)(1)(A) applies in this case. Petitioner's conviction became final on May 15, 2009, when the time for filing a petition for discretionary review with the Texas court of Criminal Appeals expired.

6. <u>Expiration of statute of limitations</u>: The federal limitations period expired one year later on May 15, 2010.

7. <u>Statutory tolling</u>: Petitioner's state habeas applications, filed April 15, 2013, did not statutorily toll the federal limitation period because they were filed after the limitation period had expired.

8. <u>Filing date</u>: Petitioner did not certify the date he placed his federal petition in the prison mail system. The Court finds petitioner's federal petition for a writ of habeas corpus was filed June 26, 2014, the date of the postmark on the transmittal envelope.

9. <u>Equitable tolling</u>: The limitation period was not equitably tolled for the time during which it took petitioner to obtain the one victim's school record reflecting difficulty in retaining information at school and, per her grandmother, at home as well. As set out in Finding No. 2, petitioner could have discovered this evidence and his claims of constitutional errors of ineffective assistance and unlawful sentencing at the time of his conviction.

10. <u>Equitable tolling and actual innocence claim</u>: The undersigned does not find the limitation period can be equitably tolled while awaiting discovery of an actual innocence claim. Again, an actual innocence claim allows consideration of otherwise barred claims by serving as a "gateway," in effect doing away

       with the limitation period all together. Even if the limitation period could be equitably tolled pending discovery of the factual predicate of an actual innocence claim, as set out in Finding No. 4, petitioner could have discovered his actual innocence "gateway" claim at the time of his conviction and would not qualify for equitable tolling.

11. <u>Actual innocence</u>: Petitioner has not demonstrated he is actually innocent of the offenses of which he was convicted. The school records indicate one victim had difficulty retaining information in school and accommodations were made for academic progress. While such records might have been admitted to challenge the child's ability to recall and ultimately her credibility, such records do not demonstrate petitioner is factually innocent of all of the charges with regard to that victim or to both victims. Moreover, trial counsel attached additional school records of the victim to his affidavit submitted during state habeas proceedings which reflect the victim had received numerous school commendations and certificates and also expressed his opinion that there was "no indication that either child complainant had any major psychological problems." The school records petitioner attaches do not prove he is actually innocent. Petitioner's contention that one victim's difficulties in her recall ability equated to actual innocence is unsupported by any competent evidence. Petitioner has failed to present a "tenable actual-innocence gateway plea."

12. <u>Timeliness of petition</u>: Petitioner's federal habeas application was filed over four (4) years after the expiration of the federal limitations period.

Respondent correctly argues petitioner's claims are time barred. Petitioner has not replied to respondent's motion to dismiss. Therefore, for the reasons set forth by respondent in his motion to dismiss, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED as time barred.

III.
RECOMMENDATION

For the reasons set forth in respondent's Motion to Dismiss filed October 9, 2014 [Document #10], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Motion to Dismiss be GRANTED, and the petition for a writ of habeas corpus filed by petitioner MARTIN MARTINEZ be DISMISSED as time-barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___25th___ day of June 2015.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).